IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIANE SANCHEZ,

    Plaintiff,

vs.                                   No. 2:18 cv 00733 CG/SMV

MIGUEL ANGEL NOBOA AMADOR,
THE OWNER OF LA VILLA TRANSPORT, INC.,
THE REGISTERED OWNER OF THE TRACTOR/TRAILER,
AND JORGE MUNGUIA, DEFENDANT DRIVER,

    Defendants.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

THIS MATTER is before the Court on the stipulation of the parties for the entry of this confidentiality and protective order ("Protective Order"), it is hereby ORDERED as follows:

**1. Qualified Persons.**

"Qualified Persons" for confidential information means:

    a. retained counsel for the parties in this litigation and their respective staff;

    b. in-house counsel for the parties;

    c. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation who, prior to any disclosure of Confidential Information to such person, have agreed in writing to be bound by the terms of this Protective Order;

    d. this Court and its staff and any other tribunal or dispute resolution officer duly appointed, assigned or retained in connection with this litigation;

    e. any party, if a natural person;

    f. if the party is a legal entity other than a natural person, such officers or employees of the party who are involved in the prosecution or defense of this case who, prior to any disclosure of Confidential Information to such person, have

been informed of the terms of this Protective Order and agree to be bound by its terms;

g. litigation vendors, court reporters, and other litigation support personnel;

h. any insurance claims adjuster and his or her supervisors, involved in the adjusting of any claim being litigated or presented in connection with the above-captioned case;

i. any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy; and

j. any such other person as this Court may designate after notice and an opportunity to be heard.

**2. Designation Criteria.**

A party shall designate as "Confidential" only such information as the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, promotional materials, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential include, but are not limited to, trade secrets, confidential proprietary or financial information, medical records, other protected health information, operational data and policies, care, treatment, or client-service plans, personnel files, personal identification information that is protected by law, and other sensitive information.

**3. Use of Confidential Information.**

All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of the above-captioned lawsuit and for no other purpose, and shall not be disclosed except in accordance with the terms hereof

**4. Marking of Documents.**

Documents provided in this litigation may be designated by the producing person or by any party as Confidential by marking each page of any document so designated with a stamp indicating that the information is "Confidential." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**5. Disclosure at Depositions.**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential", and is subject to the provisions of this Order.

If the Producing Party has advised the court reporter that Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page of the transcript the following indication: "DEPOSITION CONTAINS INFORMATION DESIGNATED CONFIDENTIAL BY [NAME OF DESIGNATING PARTY] - SUBJECT TO CONFIDENTIALITY ORDER."

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing, not later than 30 days after receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential

Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript.

**6. Disclosure to Qualified Persons.**

Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however,*** that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (prior to making such disclosure, if at all possible) so that the designating party may seek a protective order or confidential treatment of such information.

**7. Unintentional Disclosures.**

Documents unintentionally produced without designation as Confidential Information later may be designated, and shall thereafter be treated, as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure, and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**8. Documents Produced for Inspection Prior to Designation.**

In the event documents are produced for inspection prior to designation as set forth in this Order, any such documents so designated shall be treated as Confidential during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked as described in Paragraph 4.

**9. Consent to Disclosure and Use in Examination.**

Nothing in this order shall prevent disclosure of Confidential Information beyond the terms of this order if each party designating such information as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from using Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

**10. Challenging the Designation.**

a. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of information as Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be so resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who/that designated the document or information as Confidential Information. The designating party shall then have 15 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall retain its designation until and unless the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

b. *Qualified Persons.* In the event that any party disagrees in good faith with the designation of a person as a Qualified Person or the disclosure of particular Confidential

Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be so resolved, the objecting party shall have 15 days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, 15 days from service of the request, to move the Court for an order denying the designated person (a) status as a Qualified Person, or (b) access to particular Confidential Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person until and unless the Court enters an order preserving the designation. Failure to timely move for an order denying access shall waive the right to object to the person's status as a Qualified Person or the person's access to the particular Confidential Information.

**11. Manner of Use in Proceedings.**

In the event a party wishes to use any Confidential Information in any affidavit, declaration, brief, memorandum of law, or other paper filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate *(e.g.,* in connection with discovery and evidentiary motions) provide the information solely for *in camera* review without filing the information with the Court; or (3) file the information with the Court under seal consistent with the Court's sealing requirements. The party using the Confidential Information may choose from these options at its sole discretion.

**12. Filing Under Seal.**

All Court filings that contain Confidential Information shall be filed under seal pursuant to applicable Rules of Civil Procedure and the local District Rules of the Court. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated Confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such Confidential Information. This requirement shall not apply to any document of which the producing party has consented to the filing of a redacted copy as set forth in Paragraph 11. If for any reason the Court shall deny any request to file under seal, the offering party may only proceed with options **(1)** or (2) set forth in Paragraph **11,** above.

**13. Return of Documents.**

Not later than 120 days after conclusion of this litigation and any appeal related thereto, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 1 (except subparagraph l(c)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent to which such information has been used as evidence at any trial or hearing. If the option to destroy produced information and records is selected, the party destroying the produced information and records shall confirm in writing to the party(ies) who produced the information and records, that destruction was effected, promptly following destruction. Notwithstanding this obligation to return or destroy information, counsel may retain any pleading, transcript (including exhibits) or attorney work product that includes or refers to information protected under this Order provided that the confidentiality of such protected information is preserved.

**14. Ongoing Obligations.**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

**15. Advice to Clients.**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation, in general terms, of Confidential Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Order.

**16. Duty to Ensure Compliance.**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information in their control.

**17. Preservation of Objections.**

Pursuant to the Local Rules of this Court and Rule 26 of the Federal Rules of Civil Procedure, neither the attorney-client privilege nor work product protection is obviated by disclosure made under the protection of this Confidentiality and Protective Order. Additionally, objections that a party may assert to the discovery of requested information and records are not vitiated by virtue of the existence of this Confidentiality and Protective Order.

**18. Modification and Exceptions.**

This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Confidentiality Order, notwithstanding the termination of this action. The parties may, by stipulation, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Order.

**19. Other Matters.**

Nothing contained in this Order, and no action taken pursuant hereto, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any Confidential Information sought.

Documents produced pursuant to this Confidentiality Order remain the property of the producing party and do not, as a result of being produced pursuant to this Order, become "public records" as that term is used in the Inspection of Public Records Act (NMSA §§14-2-1 *et seq.*) and/or Freedom of Information Act (5 USC §§552 *et seq.*), and shall not be deemed to have been used, created, received, maintained, or held by or on behalf of, any public body, or to relate to public business, by virtue of production pursuant to this Order.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**

APPROVED:

**KENNEDY KENNEDY & IVES**

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy
1000 2nd St. NW
Albuquerque, NM 87102
(505) 244-1400 / Fax (505) 244-1406

**SLOAN, HATCHER, PERRY,
RUNGE, ROBERTSON & SMITH**

/s/ John Sloan
John Sloan
368 Hillside Avenue
Santa Fe, NM  87501
Mailing Address:
P.O. Drawer 2909
Longview, Texas 75606-2909
(903) 757-7000 / Fax (903) 757-7574
jsloan@sloanfirm.com

*Attorneys for Plaintiff Mariane Sanchez*

**BUTT THORNTON & BAEHR, P.C.**


Approved via electronic mail 10-03-18
Maria S. Dudley
Michael P. Clemens
P.O. Box 3170
Albuquerque, NM 87190
(505) 884-0777 / Fax (505) 889-8870

*Attorneys for Defendants*